Johnson, J.
delivered the opinion of the Court.
Two questions arise out of the grounds of this motion : 1st, Whether the Court can entertain jurisdiction of an appeal from the ordinary, in relation to the defendant’s commissions as administrator. And 2d, Whether the absence of Calvin and Shaurack Ford, two of the distributees, for more than seven years previous to the death of the intestate, without having been heard of, intitle the appellants to the interest, which these absent distributees would have taken in the estate, if they were present.
The act of 1789, P. L. 489, is broad enough in its terms to cover the right of appeal to the Court of Common Pleas from any order, sentence, or decree, which an ordinary could make in relation to any matter within his jurisdiction. The case of Wallis and wife v. Gill, 3 M‘C. 475, seems, however, to limit that right to cases of common law cognizance, and in which adequate relief can be afforded according to the mode of proceeding in common law Courts; and it is upon the authority of that case that the Circuit Court declined entertaining the appeal on the question of commissions. The judgment then proceeds upon the ground, that by allowing an appeal to the Common Pleas, the Legislature never intended to transfer te *509 that Court the jurisdiction of the Court of Equity, in matters which belonged exclusively to it; and thus far I think it may be vindicated. For if in the settlement of the accounts of an administrator, a discovery from him, as to the amount which came into his hands, became necessary, a Court of Law would have no power to enforce it: Equity alone could give relief. And so of many other matters. I apprehend, however, that whenever the grounds of appeal present one or more propositions, that are, from their nature, susceptible of proof according to the forms of the'common law, a Court of Law may hear and determine them on an appeal.
’ ’ Act of 1789.
" The respondent’s right to commissions appear to me to be of that character. The act, usually., called the executor’s act, declares, that the administrator shall forfeit his commissions, unless he make and return to the ordinary’s office annual accounts of his receipts and disbursements; and whether he has, or not, is susceptible of direct and positive proof, according to the forms of the common law, and does not involve any matter of exclusive chancery jurisdiction. The Circuit Court ought therefore to have, entertained the appeal on that ground.
The suggestion, out of which the second questi&n arises, is not before toe, but from the manner in which the subject is stated, I infer that facts are alleged, from which the lega Inference arises, that Calvin and Shadrack Ford were dead at the death Of the intestate ; and hence, that the appellants, being the only surviving next of kin, were intitled to distribution of the whole estate. The objection is, that the suggestion does not state that they died, without leaving children,- and is, at most, one which the Court would even now permit to be obviated by an amendment, if it were necessary: but I am well satisfied, that there is nothing in it. The facts stated shew, in law, the death of Calvin and Shadrack Ford in the life time of the intestate. The appellants are therefore intitled to the entire estate. It is said, that they may have left children, who are intitled to their shares. Possibly it may be so. A man may be presumed to be dead from length of time, but I know of no authority, which authorizes the presumption, from time alone, that he was lawfully .married, and left issue living at the time of his death. Those who allege it are, therefore, bound to prove it. The *510 ordei of the Circuit Court, dismissing the appeal, is therefore reversed, and the case remanded for trial.
Colcock, J. and Evans, J. concurred.